IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

RICHARD MARTINEZ, #716107          §

VS.                                §                CIVIL ACTION NO. 9:05cv125

BOYD LAMB                          §

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Richard Martinez, an inmate confined at the Polunsky Unit of the Texas prison

system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42

U.S.C. § 1983 against Sgt. Boyd Lamb.  The lawsuit was transferred to the undersigned pursuant to

28 U.S.C. § 636(c).

Plaintiff's Allegations

The original complaint was filed on June 9, 2005.  The Plaintiff alleged that the Defendant

violated his constitutional rights by subjecting him to excessive use of force.  The incident in

question occurred at the Polunsky Unit on March 14, 2005.  At approximately 5:45 P.M., the

Plaintiff left the chow hall and obtained permission from the officer over the commissary to get in

the commissary line to make purchases.  The Defendant came on duty during the 6 P.M. shift

change.  The Plaintiff made his purchases at approximately 7:07 P.M.  The Defendant then asked

him why he was in the commissary line.  The Plaintiff told him that he was among the last three

inmates from H-Pod in the commissary line.  Sgt. Lamb told him that he was not keeping the

commissary items.  The Plaintiff responded that he had already purchased them.  He added that the

1

Defendant could file disciplinary charges against him, but he was keeping his purchases.  The Defendant responded with profanity, rushed the Plaintiff, punched him in the face and slammed him to the ground.  The Defendant then placed handcuffs on the Plaintiff and called a use of force team.  The Plaintiff was placed in pre-hearing detention and charged with attempted assault on an officer.

The Plaintiff complained that the Defendant violated use of force policy BP 03.46, which states that all reasonable steps shall be taken to avoid the use of force.  He asserted that the Defendant did not attempt to avoid the use of force; instead, he acted maliciously.  The Plaintiff added that the Defendant had already made up his mind to take the Plaintiff's possessions while the proper procedure would have been to give him a disciplinary case for being out of place.  He argued that the Defendant's actions were unnecessary and a wanton infliction of pain.  He again argued that the Defendant violated the Use of Force Plan.  He claimed that the Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to procedural due process.

In an amended complaint filed pursuant to an order of the Court, the Plaintiff stated that he did not file the lawsuit in an effort to have the disciplinary case expunged or to have his good time reinstated.  He raised a procedural due process claim to point out that the Defendant acted arbitrarily and capriciously against him by using force, as opposed to following guidelines in giving him a disciplinary case for being out of place.  His focus is on the Defendant acting arbitrarily and capriciously, as opposed to seeking a return of good time credits.

<u>Defendant's Motion for Summary Judgment</u>

The Defendant filed a motion for summary judgment on May 10, 2006.  In support of the motion, he submitted the Major Use of Force Report from the incident, the Plaintiff's medical

records and disciplinary records, and Administrative Directive 04.80 regarding good conduct time. The salient facts noted by the Defendant include the fact that the Plaintiff has not successfully challenged the disciplinary case and the fact that the Plaintiff did not need any medical treatment following the use of force incident.  He argued that he is entitled to Eleventh Amendment immunity for claims against him in his official capacity, that the Plaintiff may not bring a civil rights lawsuit challenging the disciplinary case, that he is entitled to judgment as a matter of law regarding the excessive use of force claim, and that the Plaintiff failed to overcome his entitlement to qualified immunity for claims against him in his individual capacity.

The records attached to the motion for summary judgment included pertinent competent summary judgment evidence.  The Plaintiff's medical records and Offender Use of Force Injury Report show that his only injuries were two small bruises on the left side of his face.  The bruises were so minor that no treatment was deemed necessary.  Medical personnel thus released the Plaintiff from the infirmary immediately after the examination.  The medical records also reveal that the Plaintiff did not subsequently seek medical attention for any injuries that he may have suffered during the incident.  The Defendant specifically noted that the Plaintiff never alleged any eye injury as a result of being punched in the face.  He argued that the minor bruises were *de minimis*.

The Defendant also cited the use of force report to show that the Defendant acted with a good faith effort to maintain and restore discipline when the Plaintiff became belligerent and disobeyed repeated orders.  The use of force report included statements by the Defendant and other correctional officers showing that the Plaintiff began yelling and cursing at the Defendant and refused to obey multiple orders by the Defendant to calm down and put down his commissary bag.  He noted that the Plaintiff admitted that he refused to put down his commissary bag.  The Plaintiff was

3

subsequently charged and found guilty of assaulting the Defendant by attempting to swing his commissary bag at the Defendant, which resulted in a use of force.  It is noted that the Defendant did not provide an affidavit in support of his version of events; instead, he relied on the use of force report to support the motion for summary judgment.

The Defendant's legal arguments as to why he is entitled to summary judgment will be discussed in the Discussion and Analysis section of this opinion.

<u>Plaintiff's Response</u>

The Plaintiff's deadline for filing a response to the motion for summary judgment was May 26, 2006.  He did not file a response.

<u>Discussion and Analysis</u>

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial.  "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defect an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.  In making this threshold inquiry, the Court

4

must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted);  Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings.  *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199  (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324.  Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor.  *Anderson*, 477 U.S. at 257.  Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

Courts must employ summary judgment device cautiously. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980).

The Defendant initially argued that he is entitled to Eleventh Amendment immunity for claims brought against him in his official capacity.  The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).  In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held

5

that neither a state nor a state official is a "person" for purposes of liability under 42 U.S.C. § 1983. On the other hand, a lawsuit may be "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1053-54 (5th Cir. 1998). The Defendant's motion for summary judgment should be granted to the extent that the Plaintiff is suing him in his official capacity for compensatory and punitive damages.

The Defendant next argued that the Plaintiff may not bring a collateral challenge to a disciplinary case in a civil rights lawsuit. The Defendant is correct that the Plaintiff cannot assert a due process claim regarding a disciplinary case in a 42 U.S.C. § 1983 action unless he first shows that the result was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Plaintiff has not satisfied this requirement regarding any disciplinary matters in this case. The Defendant is thus entitled to summary judgment to the extent that the lawsuit includes a challenge to a disciplinary case.

The Plaintiff's allegations, however, do not specifically concern a disciplinary case. He explained that he was denied procedural due process because the Defendant did not follow procedures by using force against him, when he should have filed a disciplinary case for being out of place. To the extent that the Plaintiff is raising a procedural due process claim about a disciplinary case, his claim should be dismissed pursuant to *Edwards v. Balisok*. On the other hand, the facts noted by him are pertinent regarding the factors in evaluating an excessive use of force claim. His arguments will be discussed more thoroughly when the excessive use of force claim is

6

analyzed, but the Defendant is entitled to summary judgment to the extent that the complaint includes claims challenging a disciplinary case.

The Plaintiff's primary claim is an excessive use of force claim.  The Defendant argued that he is entitled to summary judgment as a matter of law.  The Supreme Court has emphasized that the core judicial inquiry in an excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The Court additionally emphasized that a use of force claim has subjective and objective components.  In other words, a court must consider whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Id.* at 8.

Several factors are important in making an assessment of the situation.  The claimant must allege and prove there was an "unnecessary and wanton infliction of pain."  In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of forceful response."  *Id.* at 7. (internal quotation and citation omitted).  The absence of a serious injury is relevant to but not dispositive of the excessive force claim.  *Id.*  The Fifth Circuit has instructed the courts in this circuit to consider these five factors in analyzing excessive use of force claims.  *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992); *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).  The Supreme Court additionally emphasized that the concept of what constitutes cruel and unusual punishment "draws its meaning from the evolving standards of decency that mark the progress of a maturing society."  *Hudson v. McMillian*, 503 U.S. at 8 (citations omitted).

7

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10.  The Fifth Circuit has interpreted this provision to mean there must always be some injury, albeit insignificant.  *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993).

The Prison Litigation Reform Act of 1996 placed further limitations on the availability of relief.  42 U.S.C. § 1997e(e) precludes suits by prisoners for mental or emotional injury without a prior showing of a physical injury.  In *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997), the Fifth Circuit analyzed § 1997e(e) in light of recent case law.  The Fifth Circuit noted that there must be a "qualifying physical injury" for a prisoner to proceed on his civil rights claims.  *Id.* at 193. Moreover, the physical injury must be more than just a *de minimis* physical injury.  *Id.*  The Fifth Circuit finally held that a sore, bruised ear lasting for three days was *de minimis* and insufficient to provide a basis for a meritorious civil rights lawsuit.

In the present case, the Defendant has presented competent summary judgment evidence supporting his argument that the Plaintiff's injuries consisting of two bruises on his face that did not require medical care were *de minimis*.  The Plaintiff provided no competent summary judgment evidence disputing the allegation.  The Plaintiff has not shown a qualifying physical injury in order to proceed with his case.

The Defendant has also presented competent summary judgment evidence showing that the *Hudson* factors for an excessive use of force claim are not satisfied.  The Plaintiff hypothesized that the Defendant should have given him a disciplinary case for being out of place and permitted him to go on his way.  The Defendant, however, presented competent summary evidence showing that he tried to maintain and restore discipline by telling the Plaintiff to calm down and to place the commissary bag down when the Plaintiff became belligerent and started cursing.  The incident would have ended if the Plaintiff had cooperated.  The Plaintiff, however, disobeyed the orders given to him.  The Plaintiff admitted in his complaint that he argued with the Defendant and failed to obey orders regarding the commissary purchases.  The Defendant presented competent summary judgment evidence showing that he used force only after the Plaintiff swung the commissary bag at him.  The Plaintiff did not present competent summary judgment evidence to counter the claim.  The undisputed competent summary judgment evidence thus shows that the Plaintiff disobeyed orders and created a security risk.  The Defendant attempted to temper the severity of a forceful response by issuing orders that would have resolved matters if they were obeyed.  The undisputed competent summary judgment evidence reveals that force was used only after the Plaintiff swung the commissary bag at the Defendant.  The competent summary judgment evidence shows that the next thing that happened was that the Defendant placed the Plaintiff on the ground and held him there. The lack of injuries is also significant in showing the lack of excessive force.  There are no genuine issues of material fact warranting a trial.  The Defendant is entitled to summary judgment in light of the *Hudson* factors.

It is noted that the Plaintiff repeatedly focused on alleged violations of prison policies. Violations of prison regulations, without more, do not state a constitutional violation.  *See*

9

*Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).  An assertion that prison officials failed to follow departmental regulations must, on its own merit, state a constitutional claim.  *See Balli v. Haynes*, 804 F.2d 306, 308 (5th Cir. 1986).  *See also Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) (The failure to follow regulations "may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation.").  The Plaintiff failed to show that he was a victim of the constitutional claim of excessive use of force.

The Defendant also argued that he is entitled to summary judgment based on qualified immunity.  The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999).  The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987).   The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question.  *Anderson*, 483 U.S. at 639;  *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 n. 5 (5th Cir. 1992) (citations omitted).  *See King v. Chide*, 974 F.2d 653 (5th Cir. 1992) (discussing qualified immunity in the context of force used against an arrestee).  The evaluation of a qualified immunity claim involves a two-step inquiry.  *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994); *Colston v. Barhnart*, 130 F.3d 96, 99 (5th Cir. 1997).  The first step is to determine whether the plaintiff has shown a violation of a clearly

10

established constitutional right.  *Id.*  The second step requires the court to determine whether the defendant's conduct was objectively unreasonable under existing clearly established law.  *Id.*

In the present case, the Plaintiff has not shown a violation of a clearly established constitutional right.  The competent summary judgment evidence supports a conclusion that he was not subjected to excessive use of force.  The Plaintiff likewise failed to satisfy the second prong in the qualified immunity analysis.  Indeed, he failed to address the issue of qualified immunity. Nonetheless, the competent summary judgment evidence does not support a conclusion that the Defendant's conduct was objectively unreasonable under clearly established law.  Consequently, the Defendant is entitled to summary judgment for the additional reason that the Plaintiff failed to overcome the defense of qualified immunity.  It is accordingly

**ORDERED** that the Defendant's motion for summary judgment (docket entry #37) is **GRANTED**.  It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice.  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **2**   day of  **June, 2006.**

_____

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

11